UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Dean Benter,

          Plaintiff,

vs.                                                            REPORT AND RECOMMENDATION

State of Iowa; (Dept. of Transportation),
Rhonda _____ ?,
Lois _____?,
State of Minnesota ,
Minnesota License Office,
(LaCresent, MN. & ST. Paul, MN.),
City of LaCresent, Police Dept., and
Officer James H. Michalke Badge # 204,

          Defendants.                      Civ. No. 05-2780 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Dean Benter for leave to proceed in forma pauperis, ("IFP").  See, Docket No. 2.  For the reasons which

follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II.  Factual and Procedural Background

The Plaintiff's present action arises out of a speeding ticket that he received in Missouri.  He alleges that he "made a deal with the prosecuting attorney and the State of Missouri," which provided that the speeding ticket would be "suspended," and it would "not show up on [the Plaintiff's] permanent driving record."  While the ticket allegedly does not appear on the Plaintiff's Missouri driving record, he avers that it "somehow got sent to Iowa."

The Plaintiff tried to resolve the ticket issue with the Iowa Department of Transportation, but he allegedly was told that Iowa was not bound to honor any Court ruling or Order entered in Missouri.  The Plaintiff claims that the Iowa Department of Transportation has placed him in "double jeopardy," by suspending his driver's license, and refusing to reinstate it unless he "pay[s] fines, and costs, in two different States, for the same offense."

The Plaintiff further alleges that the State of Minnesota now refuses to issue him a Minnesota driver's license until he pays the fines and costs demanded by the State of Iowa.  Furthermore, the State of Minnesota has allegedly refused to return the

license fee that the Plaintiff tendered for a Minnesota driver's license. The Plaintiff told a Minnesota licensing agent about the disposition of the Missouri speeding ticket -- which resulted in the cost and fines that were imposed in Iowa -- but he still was not granted a license.

Finally, Plaintiff alleges that James H. Michalke ("Michalke"), who is a police officer for the city of LaCresent, Minnesota, threatened to have him arrested on charges of criminal trespass if he "stepped in City Hall, or the license office again."

The Plaintiff is now attempting to sue several parties, listed in the caption of his Complaint as "State of Iowa; (Department of Transportation), Rhonda _____?, Lois _____?, State of Minnesota, Minnesota License Office, (LaCresent, MN. & ST. Paul, MN.), City of LaCresent, Police Department, [and] (Officer James H. Michalke Badge # 204." The Plaintiff is seeking "$2.5 Million Dollars, in Monetary, and injunctive relief, for pain and suffering[;] Reinstatement of [his] Iowa Driver's License[;] Issuance of [his] Minnesota Driver's License[;] Exspoungement [sic] of all points, and convictions, from [his] Driving record[; and] Payment, for loss wages."

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief may be granted, or seeks

relief against a party who is legally immune from the plaintiff's claims. Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of an indulgent construction, the Plaintiff's pleading fails to state an actionable claim against any of the named Defendants.

First, we find that the Plaintiff has failed to state an actionable claim against the Defendants identified as "Rhonda _____?" and "Lois _____?," because the Complaint does not describe anything that either of those Defendants did, or failed to do, that would entitle the Plaintiff to a Judgment against either of them. In fact, neither of those Defendants is even mentioned in any of the substantive allegations of the Complaint. Even if we were to assume that one of those Defendants is the unidentified "agent" at the Minnesota "license office," who assertedly refused to issue the Plaintiff a Minnesota driver's license, we still would find no actionable claim, because the Complaint does not show any factual or legal grounds for entering any Judgment in the Plaintiff's favor, and against that agent. See, Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980)(while Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law.").

Next we find that several of the named Defendants -- i.e., State of Iowa; (Department of Transportation), State of Minnesota, Minnesota License Office, (LaCresent, MN. & St. Paul, MN.) -- are immune from being sued in Federal Court by reason of the Eleventh Amendment to the Constitution. It is well-settled that States, and their agencies, are immune from suit in Federal Court under the Eleventh Amendment, unless the State has consented to being sued, Pugh v. Alabama, 438 U.S. 781, 782 (1978), or Congress has abrogated the State's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Here, the Plaintiff is attempting to sue several parties who are States, or State Agencies. The Plaintiff has offered no reason to believe that those Defendants have consented to be sued, and the Plaintiff has not identified any act of Congress that would abrogate those Defendants' immunity. Therefore, the Plaintiff's attempt to sue those Defendants is barred by the Eleventh Amendment.

We also note that one of the named Defendants, "City of LaCresent, Police Department," is not a cognizable legal entity that can be sued as such. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992)(police departments "are not

juridical entities suable as such."). Therefore, the Plaintiff has not pleaded any actionable claim for relief against that Defendant.

Finally, the Plaintiff is attempting to sue Michalke, who allegedly threatened to have the Plaintiff arrested if he "stepped in City Hall, or the License office again." The Plaintiff has failed to state an actionable claim against this Defendant, because he has not identified -- and the Court cannot independently discern -- any legal basis for entering any Judgment against Defendant Michalke. Even if Michalke did threaten to arrest the Plaintiff that, alone, would not constitute a violation of the Plaintiff's rights under Federal law, or the Constitution, which would cause Michalke to be liable to the Plaintiff.[1]

In sum, we conclude that the Plaintiff's Complaint fails to state any cause of action on which relief can be granted, and that several of the named Defendants are immune from the Plaintiff's claims under the Eleventh Amendment. Accordingly, we recommend that this action be summarily dismissed pursuant to 28 U.S.C. §1915(e)

---

[1] In the event that the Plaintiff is attempting to sue Michalke on some State law grounds -- even though no such grounds appear to be available here -- that claim would have to be dismissed for lack of subject matter jurisdiction.

(2)(B)(ii) and (iii), and, since the Plaintiff has failed to plead an actionable claim, his IFP application should be denied as moot.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).


Dated: December 12, 2005                s/Raymond L. Erickson

                                                    Raymond L. Erickson
                                                    CHIEF U.S. MAGISTRATE JUDGE


**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 30, 2005**, a writing which specifically identifies those portions of the Report to which

objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 30, 2005** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.